1  PHILLIP A. TALBERT
United States Attorney
2  KIMBERLY A. SANCHEZ
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone: (559) 497-4000
Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.  1:21-CR-00185-NONE-BAM

12                  Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                         TIME PERIODS UNDER SPEEDY TRIAL ACT;
13          v.                           FINDINGS AND ORDER

14  DAVID GARCIA, ET AL.,                DATE: December 14, 2022
                                         TIME: 1:00 p.m.
15                  Defendants.          COURT: Hon. Barbara A. McAuliffe

16

17                          **BACKGROUND**

18          This case is set for a status conference on December 14, 2022.  By this stipulation, the parties

19  move to continue the status conference to March 22, 2023 at 1:00 p.m. before the Honorable Barbara A.

20  McAuliffe, U.S. Magistrate Judge, and to exclude time between December 14, 2022 and March 22,

21  2023, inclusive.

22          On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the

23  courthouse in June 2021, recognized the continued public health emergency, continued to authorize

24  video or teleconference court appearances in various cases, and noted the court's continued ability under

25  the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and

26  other matters, excluding time under the Act.  On June 27, 2022, the Court issued General Order 652,

27  which "authorized the use of videoconference and teleconference technology in certain criminal

28  proceedings under the in the Eastern District of California."  This and previous General Orders highlight

STIPULATION REGARDING EXCLUDABLE TIME          1
PERIODS UNDER SPEEDY TRIAL ACT

and were entered to address public health concerns related to COVID-19.  Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay."  Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631 and 652 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference on December 14, 2022.

2. By this stipulation, defendant now moves to continue the status conference until March 22, 2023, and to exclude time between December 14, 2022, and March 22, 2023, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes thousands of pages of written discovery, including investigative reports, investigative filings and warrants, warrant and subpoena returns, wire and electronic intercepts, pole camera footage, photographs, and financial records, and several terabytes of electronic data, including wire intercepts and pole camera footage. All of this discovery has been produced directly to counsel for defendants.

b) Counsel for defendants desire additional time to review the voluminous discovery, discuss the charges with their clients, and conduct additional investigation.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because any trial on this case would involve individuals/witnesses with high-risk factors, such as age, medical conditions, etc.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 14, 2022 to March 22, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  December 8, 2022                    PHILLIP A. TALBERT
                                            United States Attorney


                                            /s/ KIMBERLY A. SANCHEZ
                                            KIMBERLY A. SANCHEZ
                                            Assistant United States Attorney

Dated:  December 8, 2022                    /s/ Richard A. Beshwate, Jr.
                                            Richard A. Beshwate, Jr.
                                            Counsel for Defendant LUIS
                                            PEREZ

Dated:  December 8, 2022                    /s/ Kevin P. Rooney
                                            Kevin P. Rooney
                                            Counsel for Defendant
                                            GERARDO PEREZ


### ORDER

IT IS SO ORDERED that the status conference is continued from December 14, 2022, to **March 22, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **December 8, 2022**           /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE